IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 5:25-cv-00021-MR

| | |
|---|---|
| JULIE ANN WOODEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| ALLEGHANY COUNTY, NORTH ) | |
| CAROLINA, SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court pursuant to a Petition for Writ of Habeas Corpus filed by Julie Ann Woodel (herein "Petitioner") on January 30, 2025, under 28 U.S.C. § 2254. According to the Petitioner, she is being held at the North Carolina Correctional Institution for Women as a pretrial detainee facing charges in Alleghany County, North Carolina. [Doc. 1]. Petitioner states she was arrested on September 4, 2023, and has not been brought to trial. [Id. at 13]. Petitioner further alleges, inter alia, she has been held in custody "almost 15 months" in violation of her speedy trial rights, and thus her continuing detention is unconstitutional. [Id. at 3; 17].

Relief under 28 U.S.C. § 2254 is available to a person who is "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody pursuant to [a] judgment" requirement is a prerequisite to invoking the subject matter jurisdiction of the court under § 2254. As a pretrial detainee, Petitioner is not yet "in custody pursuant to the judgment of a State court," and thus, § 2254 does not apply. Instead, Petitioner's request for relief is governed by 28 U.S.C. § 2241. See <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987) (pre-trial petitions are properly brought under 28 U.S.C. § 2241; a petition under 28 U.S.C. § 2254 would be improper because that section applies only to post-trial situations affording relief to a petitioner "in custody pursuant to the judgment of a state court."). As Petitioner is a state pretrial detainee, the Court will construe Petitioner's filing as a request for habeas corpus relief brought under 28 U.S.C. § 2241.

Having recharacterized the filing in this matter as a request for relief under 28 U.S.C. § 2241, the instant petition should be dismissed because Petitioner presently has pending in this Court a like habeas petition. On January 6, 2025, Petitioner filed a § 2254 Petition for Writ of Habeas Corpus, case number 5:25CV00003-MR, which this Court has, for the same reasons

stated herein, construed as a § 2241 petition. The Petitioner's filing in case number 5:25CV00003-MR makes the instant filing unnecessarily duplicative. Accordingly, it should be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petition for Writ of Habeas Corpus filed herein is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Signed: February 6, 2025

Martin Reidinger
Chief United States District Judge